SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
FRED R. PUGLISI, Cal. Bar No. 121822
VALERIE E. ALTER, Cal. Bar No. 239905
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701
fpuglisi@sheppardmullin.com
valter@sheppardmullin.com
jramsey@sheppardmullin.com

Attorneys for Defendant
SOUTHERN CALIFORNIA
HEALTHCARE SYSTEM, INC., dba
SOUTHERN CALIFORNIA HOSPITAL
AT CULVER CITY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA RATLIFF, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PROSPECT MEDICAL HOLDINGS, INC. dba SOUTHERN CALIFORNIA HOSPITAL AT CULVER CITY,<br><br>    Defendant. | Case No. 2:16-cv-00253-GW-JEM<br><br>*Honorable George H. Wu*<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE THE CLASS ALLEGATIONS**<br><br>Fed. R. Civ. P. 12(b)(6), 12(f), and 23(d)(1)(D)<br><br>Date:    Thursday, April 14, 2016<br>Time:    8:30 a.m.<br>Ctrm:    10 (Spring Street)<br><br>FAC Filed:    Feb. 17, 2016 |

TO THE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on Thursday, April 14, 2016 at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 of the above Court, located at 312 N Spring St, Los Angeles, California, 90012, the Honorable George H. Wu presiding, Defendant Southern California Healthcare System, Inc. dba Southern California Hospital at Culver City (erroneously sued as Prospect Medical Holdings, Inc.) ("**SoCal Hospital**") will and hereby does move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the First Amended Complaint for Violations of the Telephone Consumer Protection Act ("**FAC**") filed by Plaintiff Donna Ratliff ("**Plaintiff**"). In the alternative, SoCal Hospital moves to strike the class allegations under Rules 12(f) and 23(d)(1)(D).

This Motion is made on the grounds that the FAC fails to state sufficient facts to support a claim for violation of the Telephone Consumer Protection Act ("**TCPA**"), and that Plaintiff is not a member of the Class she purports to represent. This Motion is based upon this Notice, the Memorandum of Points and Authorities attached hereto, all pleadings, papers and records on file with the Court in this action, and all other such argument and evidence as may be presented to the Court in connection with the motion. This Motion is made following a conference of counsel pursuant to L.R. 7-3, initiated by SoCal Hospital on March 2, 2016.

Dated: March 9, 2016         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Fred R. Puglisi*
FRED R. PUGLISI
JAY T. RAMSEY
VALERIE ALTER

Attorneys for Defendant
SOUTHERN CALIFORNIA HEALTHCARE SYSTEM, INC., dba SOUTHERN CALIFORNIA HOSPITAL AT CULVER CITY

I.      **INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff Donna Ratliff ("**Plaintiff**") asserts two causes of action against Defendant Southern California Healthcare System, Inc. dba Southern California Hospital at Culver City (erroneously sued as Prospect Medical Holdings, Inc.) ("**SoCal Hospital**") for violation of the Telephone Consumer Protection Act ("**TCPA**").  Her claims are riddled with problems, both factual and legal.  Those problems, however, should never have to be litigated.  Instead, her claims should be dismissed on the pleadings for one simple reason:  She consented to the alleged calls.  Because consent wipes out any TCPA claim, the Court should dismiss her First Amended Complaint.

Plaintiff alleges that SoCal Hospital contacted her on her cellphone in August 2015 about an "outstanding debt stemming from medical services rendered," and left a voicemail to contact the hospital about repayment.  (FAC ¶¶ 6-12.)  The FAC does not provide any specifics about the medical services rendered or the outstanding debt, or include anything about her contract with SoCal Hospital under which those services were rendered and the debt accrued.  Had Plaintiff done so, she would have been unable to state a claim.  That contract, signed by Plaintiff, includes a provision (which was separately initialed by Plaintiff) wherein Plaintiff consents to SoCal Hospital contacting her by telephone (including on her cellphone), even with an autodialer or prerecorded message.[1]  Because SoCal Hospital does not want

---

[1]  Plaintiff may argue that the Court ought not consider the contract because it was not attached to the FAC.  To the contrary, under established Ninth Circuit law, plaintiffs are not permitted to deliberately omit from their pleadings documents that are integral to their claims.  As a result, courts may consider such documents on a motion to dismiss without converting the motion into one for summary judgment where (1) authenticity is not disputed; (2) the plaintiff is on notice of the contents of the documents; and (3) the documents are integral to the claims being asserted.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *Martinez v. Welk Group, Inc.*, No. 09 CV. 2883, 2011 WL 90313, at *1, *3 (S.D. Cal. Jan. 11, 2011).  Here, all three requirements are met:  (1) Plaintiff's

to risk violating HIPAA's privacy protections, it has not attached a copy of the contract, but can provide the Court with a copy should Plaintiff or the Court require it. In any event, the relevant portion of the contract, along with her initials, is pasted below:

> **10. PHONE CALLS**
> It is understood and agreed that the hospital and/or a collection agency may contact me, or a representative I appoint, about my account, using any contact information or cell phone numbers I provide to it, or that may be available to the hospital by obtaining a credit report on me. I further agree that hospital may contact me by telephone, voice messages and text messages and may use automated dialing technology and pre-recorded messages, even if I am charged for the call under my mobile phone plan. I agree that such contact will not be "unsolicited" for purposes of local, state or federal law. I further agree that the hospital and/or its collection agencies may monitor and/or record any communication with me.
> Patient Initials [signature]

In response, Plaintiff will no doubt rely on her vague allegations that she told SoCal Hospital not to contact her as evidence that she revoked her consent. Her allegations, however, are insufficient. She states that she "would answer Defendant's calls and tell Defendant to stop contacting" her (FAC ¶ 4), but she provides no details about when this occurred, to whom she spoke, or what specifically she said. Was this before or after the voicemail that she bases her claim on? What exactly did she convey to SoCal Hospital's representatives? Was this one time or more than once? Moreover, her allegations that she spoke with a representative of SoCal Hospital contradict her earlier allegations that SoCal Hospital used a prerecorded message. Put simply, Plaintiff should not be permitted to avoid dismissal where it is irrefutable that she gave consent and has provided only the vaguest allegations that she later revoked that consent.

Finally, even if Plaintiff's allegations that she somehow revoked her prior consent are sufficient to prevail on a motion to dismiss under Rule 12(b)(6), the Court should strike Plaintiff's class allegations. Plaintiff's claim is not that she

---

signature is not in dispute; (2) Plaintiff knows the contents – she signed it; and (3) the contract underlies the medical services rendered and her debt for those services, and thus also the alleged phone calls to collect on that debt. Because that contract is irrefutable evidence that Plaintiff consented to the alleged calls, her two causes of action for violation of the TCPA must be dismissed.

never gave consent, but that she later revoked consent. Her class definition, however, is not so narrow. Instead, she purports to represent anyone who did not consent in the first instance. She defines her class as follows:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

(FAC ¶ 17.) Where a plaintiff is not a member of the putative class that she purports to represents, courts properly strike class allegations under Rules 12(f) and 23(d)(1)(D).

For these and the following reasons, SoCal Hospital respectfully requests that the Court dismiss the FAC or, in the alternative, strike the class allegations.

## II. ARGUMENT

### A. The FAC Should Be Dismissed Under Rule 12(b)(6) Because Plaintiff Consented To The Alleged Calls

It is settled law that a plaintiff who consented to being called has no claim under the TCPA. *In the Matter of Rules & Regs. Implementing the Tel. Cons. Prot. Act of 1991*, 7 F.C.C. Rcd. 8752 (1992) ("**1992 Ruling**") at ¶ 29 ("The TCPA allows autodialed and prerecorded message calls if the called party expressly consents to their use."). When a call is not placed for telemarketing purposes, consent may be oral or written. *In the Matter of Rules & Regs. Implementing the Tel. Cons. Prot. Act of 1991 Am. Ass'n of Healthcare Admin. Mgmt. et al.*, 30 F.C.C. Rcd. 7961 (2015) ("**2015 Ruling**") at ¶ 4 ("If the call includes or introduces an advertisement or constitutes telemarketing, consent must be in writing. If an autodialed or prerecorded call to a wireless number is not for such purposes, the consent may be oral or written."). Consistent with this telemarketing/non-telemarketing distinction, the FCC has made clear that consent for the purpose of debt collection calls can be

either oral or written. *See In the Matter of Rules & Regs. Implementing the Tel. Cons. Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 564 (2008) ("**2008 Ruling**") at ¶ 10.

With respect to collection calls, where a plaintiff provides his or her telephone number as part of the transaction giving rise to the debt, that is sufficient consent under the TCPA. "[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." 1992 Ruling, ¶ 31. *See also In re GroupMe, Inc. / Skype Commc'ns S.A.R.L. Petition*, 29 FCC Rcd. 3442, 3447 at ¶ 11 (2014) ("**2014 Ruling**") (finding that provision of cellphone number was sufficient consent in non-telemarketing context); 2008 Ruling at ¶ 10 (provision of cellphone number in connection with a debt was sufficient consent to be called on matters relating to the debt). Caselaw is also consistent with the FCC rulings. *See Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1121 (11th Cir. 2014); *Baird v. Sabre Inc.*, 995 F. Supp. 2d 1100, 1106-07 (C.D. Cal. 2014); *Hudson v. Sharp Healthcare*, No. 13-CV-1807-MMA NLS, 2014 WL 2892290, at *4 (S.D. Cal. June 25, 2014).

Here, Plaintiff concedes that the calls were for debt collection purposes, and her class is even defined to include only "collection" calls. As a result, Plaintiff consented to the calls simply by providing SoCal Hospital her phone number as a contact number about her medical services. But, as noted above, Plaintiff *also* gave express written consent to the calls in her contract with SoCal Hospital. There can be no doubt that this consent ends Plaintiff's claims. Plaintiff's vague allegations that she somehow revoked her consent are insufficient.

    **B.**    <u>**The Class Allegations Should Be Stricken Under Rules 12(f) and 23(d)(1)(D) Because Plaintiff Is Not A Member Of The Class**</u>

Rule 12(f) permits courts to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Similarly, Rule 23(d)(1)(D) permits the Court to order "that the pleadings be amended to eliminate allegations about

representation of absent persons." Although striking class allegations at the pleadings is not common, it is permitted where the complaint demonstrates that a class action cannot be maintained. *See Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 U.S. Dist. LEXIS 117562, at *5 (N.D. Cal. Dec. 17, 2009). *See also Castaneda v. Fila USA, Inc.*, No. 11-CV-1033-H BGS, 2011 WL 7719013, at *2 (S.D. Cal. Aug. 10, 2011); *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167, 2008 U.S. Dist. LEXIS 95144, *21 (N.D. Cal. 2008).

Important here, a class action cannot be maintained when the plaintiff (the class representative) is not a member of the putative class he or she purports to represent. *See General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156-157 (1982). *See also Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) ("In order to justify a departure from that rule [that litigation is conducted by and on behalf of the individual named parties only], a class representative must be part of the class and possess the same interest and suffer the same injury as the class members."). If it is clear from the pleading that the plaintiff does not represent the putative class, the class allegations should be stricken. *See General Tel. Co.*, 457 U.S. at 156-157.

Here, Plaintiff seeks to represent a class of individuals who ***never*** consented to collection calls in the first instance. As set forth above, Plaintiff clearly does not fit within the putative class. To the extent Plaintiff revoked her consent, she may still have a claim, but her class must also be so limited to similarly situated individuals. Accordingly, if the Court does not dismiss the FAC, it should strike the class allegations.

### III. <u>CONCLUSION</u>

For the foregoing reasons, SoCal Hospital respectfully requests that the Court grant its motion and dismiss the First Amended Complaint or, in the alternative, strike the class allegations therein.

| | |
|---|---|
| Dated:  March 9, 2016 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | By ____*/s/ Fred R. Puglisi*____<br>FRED R. PUGLISI<br>VALERIE E. ALTER<br>JAY T. RAMSEY<br><br>Attorneys for Defendant<br>SOUTHERN CALIFORNIA HEALTHCARE SYSTEM, INC., dba SOUTHERN CALIFORNIA HOSPITAL AT CULVER CITY |