Todd M. Friedman (SBN 216752)
tfriedman@toddflaw.com
Meghan E. George (SBN 274525)
mgeorge@toddflaw.com
Adrian R. Bacon (SBN 280332)
abacon@toddflaw.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA RATLIFF, individually and on behalf of all others similarly situated, | ) Case No. 2:16-cv-00253-GW-JEM |
| | ) |
| | ) **PLAINTIFF'S OPPOSITION TO** |
| Plaintiff, | ) **DEFENDANT'S MOTION TO** |
| | ) **DISMISS FIRST AMENDED** |
| | ) **COMPLAINT** |
| vs. | ) |
| | ) |
| SOUTHERN CALIFORNIA | ) Date:      April 14, 2016 |
| HEALTHCARE SYSTEM, INC., DBA | ) Time:      8:30 a.m. |
| SOUTHERN CALIFORNIA | ) Courtroom:     10 |
| HOSPITAL AT CULVER CITY | ) |
| | ) Hon. George H. Wu |
| Defendant. | ) |

**OPPOSITION TO MOTION TO DISMISS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION AND SUMMARY OF ALLEGATIONS

Plaintiff Donna Ratliff ("Plaintiff") brings this action against Defendants SOUTHERN CALIFORNIA HEALTHCARE SYSTEM, INC., DBA SOUTHERN CALIFORNIA HOSPITAL AT CULVER CITY ("Defendants") for violations of the Telephone Consumer Protection Act ("TCPA), particularly 47 C.F.R. § 64.1200(c).

Defendant argues that Plaintiff has failed to state a claim under 12(b)(6) for each of Plaintiff's claims. However, Plaintiff clearly and concisely stated sufficient facts to support her claims that Defendant attempted to collect a debt by contacting her on her cellular phone by use of an autodialer. Plaintiff requested that Defendant cease contacting her by this method on multiple occasions, to no avail. Defendant attempts to ignore all of the facts Plaintiff has plead, despite being the foundation requirement of a 12(b)(6) motion.

Plaintiff submits this Opposition to Defendant's Motion to Dismiss First Amended Complaint to make clear the legal and factual bases for her claims as were plead adequately in the First Amended Complaint.

## II.   FACTUAL ALLEGATIONS

At various and multiple times prior to the filing of the instant Complaint, including within the one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.  (FAC, ¶6)

On or about August 26, 2015, Defendant contacted Plaintiff on her cellular telephone in an attempt to collect an alleged outstanding debt stemming from medical services rendered. (FAC, ¶7). As an illustrative example (and not one of limitation), Defendant contacted or attempted to contact Plaintiff on or about August 26, 2015 at 12:34 p.m., and on or about August 31, 2015 at 6:11p.m. (FAC, ¶8).

**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed. (FAC, ¶10)

Furthermore, Defendant utilized a prerecorded voice when leaving the message for Plaintiff, as prohibited by *47 U.S.C. §227(1)(A)(i)*. (FAC, ¶11)

As an illustrative example (and not one of limitation), Defendant left the following voicemail using a prerecorded voice:

> This is Patient Accounting Department of Southern California Hospital at Culver City, calling regrading a personal business matter for Donna Lynn Ratliff.  Please contact us at your earliest convenience.  You may reach us Monday through Friday 8 a.m. to 5:30 p.m. at 1(800) 404-6627.  Please use reference number 5001168850001 when calling.  If we have reached this number in error, please contact us 1(800) 404-6627, so we can remove your phone number from our records.  We appreciate the opportunity to serve you, and are available to speak with you should any questions arise.  Again, this is the Patient Department of Southern California Hospital at Culver City, calling regarding a personal business matter for Donna Lynn Ratliff.  Please contact us at your earliest convenience.  You may reach us Monday through Friday 8 a.m. to 5:30 p.m. at 1(800) 404-6627.  Please use reference number 5001168850001 when calling.  If we have reached this number in error, please contact us 1(800) 404-6627, so we can remove your phone number from our records.  We appreciate the opportunity to serve you, and are available to speak with you should any questions arise.  Thank you and goodbye.

(FAC, ¶12).

Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*. (FAC, ¶13).

Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to

*47 U.S.C. § 227(b)(1)*. (FAC, ¶14).

Multiple times Plaintiff would answer Defendant's calls and ***tell Defendant to stop contacting Plaintiff***. Plaintiff even instructed her attorney to contact Defendant and instruct it ***not to place any further calls to Plaintiff's cell phone***. Defendant's employees assured Plaintiff's attorney that no more bills or collection efforts would be made to Plaintiff, but in fact, ***Defendant continued to place automated/prerecorded calls to Plaintiff's cell phone***. As such, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*. (FAC, ¶15, emphasis added).

As a result of the above violations of the TCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees. (FAC, ¶16).

## III.   LEGAL STANDARD

### a.   Rule 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint.  The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to plaintiffs.  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief, and amendment would be futile. *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994).  It is abuse of discretion to deny discovery unless the "necessary factual issues may be resolved without discovery." *See Doninger v. Pacific*

*Northwest Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. Wash. 1977) (Emphasis added).

It is well established that the sufficiency of pleadings must be reviewed in isolation, and that a court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service Inc*., 911 F.2d 242, 245 (9th Cir. 1990); *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001). The only exceptions to this requirement are 1) where documents are submitted as part of the complaint, they may be considered if their authenticity is not contested and the complaint necessarily relies on them, or 2) a court may take judicial notice of a matter of public record. *Lee*, at 681. Neither rare exception is present here. Rather, Defendant asks this Honorable Court to foreclose Plaintiff from the opportunity to conduct reasonable discovery,[1] while in the same breath presenting "evidence" that it has sole access to in support of its Motion to Dismiss. Even assuming that evidence was admissible and pertinent to a Motion to Dismiss, Defendant fails to meet its "stringent" burden of providing admissible evidence that will extinguish "**any**" doubt as to the existence of a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330-31 (1986) (emphasis added).

## IV. <u>LEGAL ARGUMENT</u>
### a. **Plaintiff Has Properly Stated A Cognizable TCPA Claim.**
#### i. <u>Plaintiff provides sufficient facts about the challenged calls.</u>

Despite Defendant's assertions, Plaintiff has provided more than sufficient information in regards to the date and content of Defendant's unsolicited calls to Plaintiff. Plaintiff plead that Defendant called Plaintiff on or about August 26 and 31, 2015 in an attempt to collect a debt. FAC ¶7. Plaintiff plead that

---

[1] The court need not decide whether the moving party has satisfied its burden of persuasion unless and until the Court finds the moving party has discharged its initial burden of production. *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157–161 (1970).

**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant used an autodialer, and left voice messages using pre-recorded voices. FAC ¶¶10-12.  Plaintiff plead that "multiple times" Plaintiff demanded that Defendant stop calling her, and Plaintiff's attorney also contacted Defendant to inform them to stop contacting Plaintiff.  FAC ¶15.  Plaintiff plead that even after this, Defendant continued to placed automated/prerecorded calls to her cellular phone. FAC ¶ 15. Thus, Plaintiff has plead the dates, participants, and context of Defendant's unsolicited calls to her ***and her revocation*** sufficiently, contrary to Defendant's position in its Motion to Dismiss. Further, while Defendant attempts to improperly introduce evidence as to the medical agreement that Plaintiff signed, this "evidence" should not be considered by the honorable Court in determining whether Plaintiff has met her burden.

Applying the proper standard and taking all the facts plead as true, Plaintiff has adequately stated her TCPA claim based on the quality and context of the calls and Defendant's Motion to Dismiss as it pertains to the FDCPA should be denied.

### 1.  Defendant's "Evidence" Is Improper and Inadmissible For A Motion to Dismiss

Defendant also hinges its argument on an exhibit which is not attached, which is purportedly a "form" that it claims Plaintiff filled out. (See Motion [Dkt No. 14] at p.2).  But as discussed above, the Court may not consider this "evidence" when making a determination on a FRCP 12(b)(6) motion.  The Court only looks to the Pleadings to make a determination on whether Plaintiff has adequately stated a claim upon which relief may be granted.  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service Inc*., 911 F.2d 242, 245 (9th Cir. 1990) (noting that it is well established that the sufficiency of pleadings must be viewed in isolation); <u>*Barron v. Reich,*</u> <u>13 F.3d 1370, 1377 (9th Cir.1994)</u> ("In general a court may not consider items outside the pleadings upon deciding a

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss, but may consider items of which it can take judicial notice"). The exhibit Defendant references (but does not attach, or authenticate) in it's Motion to Dismiss does not meet the narrow exceptions because it is not a document submitted as part of the Complaint, nor is it a public record that the Court may take judicial notice of. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Further, to the extent that it could be considered, ***Defendant has not filed a declaration supporting the authenticity or nature of the document, but has merely copied and pasted a portion into the body of the Opposition. This portion of a document out of any sort of context, cannot be considered.***

Defendant attempts to argue that the Court should rely on this portion of an unauthenticated document because it is a document referred to in Plaintiff's complaint. Yet, Defendant does not point to where Plaintiff referenced this document in her Complaint. In fact, ***Plaintiff made no reference to this form anywhere in her Complaint.***

In *U.S. v. Ritchie*, the 9th Circuit held that Plaintiff's mention of a petition to the DEA only once in her complaint did not make it "integral to [her] claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  This is directly analogous to this matter, as Plaintiff made no mention of the form whatsoever, and the form is only tangentially relevant to Plaintiff's allegations that Plaintiff obtained medical services from Defendant. Further, Plaintiff has no means of verifying the authenticity of this document.  Plaintiff does not have custody of any records of the form that Defendant references.   Thus, the Court should not consider Defendant's references to this form.

///
///
///
///

-6-
**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

2.    *Even If Considered, Defendant's Reference To This Document Plaintiff Purportedly Signed Is Irrelevant, And Does Not Bar Plaintiff's Claims*

Defendant's main argument is that Plaintiff's signature on this document precludes Plaintiff filing of a TCPA claim because she consented to being contacted by an autodialer. However, Defendant concedes that if Plaintiff subsequently revoked this consent, she may still have a TCPA claim. (See Defendant's Motion [Dkt No. 13] at 5:20-21 "To the extent Plaintiff revoked her consent, she may still have a claim…").  Plaintiff has alleged that on multiple occasions she requested that Defendant not contact her by an autodialer. FAC, ¶15. Thus, even assuming that she did initially give consent by her signature on that form, ***consent was revoked on the first occasion that Plaintiff requested that Defendant stop calling her cell phone by means of an autodialer***. Plaintiff has also specifically alleged that thereafter Defendant continued to contact her. Id. Accordingly, Plaintiff still maintains a claim for TCPA violations even if Defendant's arguments hold water (which Plaintiff submits, they do not).

The FCC's July 10, 2015 Declaratory Ruling[2] addressed the scope of revocation. In paragraph 64, the Commission states that, "Consumers have a right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities. We find that in these situations, callers typically will not find it overly burdensome to implement mechanisms to record and effectuate a consumer's request to revoke his or her consent." Id.

///

---

[2] *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, Declaratory Ruling and Order, FCC 15-72, Released July 10, 2015*, MCP No. 134 (July 24, 2015) (hereinafter "2015 FCC Order" or "Omnibus Order")

-7-
**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Accordingly, Plaintiff allegations that she requested Defendant to stop calling her are sufficient to allege that revocation has occurred. As such, Plaintiff submits that Plaintiff's First Amended Complaint has met the 12(b)(6) standards.

ii.  *Plaintiff Alleges A Clear Set Of Facts To Support Her Claims.*

Defendant alleges that the facts Plaintiff has are "*vague*," but this once again ignores Plaintiff's clear and concise pleadings.  Defendant attempts to selectively read Plaintiff's pleadings to support Defendant's assertion that Plaintiff's claims were vague. Plaintiff has alleged that because she requested that Defendant not call her, "Defendant did not possess Plaintiff's prior express consent to receive calls using an automatic telephone dialing system." FAC, ¶ 15.

Plaintiff pled that not only did she demand that Defendant stop calling her, but her attorney also demanded that Defendant stop contacting her.  FAC ¶ 15. Plaintiff pled that thereafter Defendant would continue to call Plaintiff despite her demand.  FAC ¶ 15.  Plaintiff at no point alleges that Defendant ever had consent to call Plaintiff, and to the extent Defendant believed it had her consent, she had informed them that they did not. FAC ¶ 15. As such, there is no inconsistency between Plaintiff not providing her consent prior to the calls and demanding that Defendant stop calling her.

iii.  *Plaintiff's Class Allegations Should Not Be Stricken.*

Finally, Defendant includes a final and distinct point that it alleges that Plaintiff's claims are not typical for other ATDS revocation class members. While Plaintiff believes and alleges she did not provide prior express consent to Defendant, Defendant is asserting that Defendant had prior express consent to call her. Thus, Plaintiff is entitled to argue in the alternative that to the extent Defendant did have consent to call Plaintiff, Plaintiff revoked consent to be called by Defendant and yet Defendant continued to call her.

///

**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Regardless, Plaintiff's claims would thus be typical of the pled Class. Whether Plaintiff revoked consent or Defendant never had consent to begin with, ***Plaintiff's claims are typical to those individuals who were called without prior express consent.*** Once Plaintiff revoked consent, each and every call made by Defendant to Plaintiff's cellular phone by means of an autodialer after that time violates the TCPA and is made without prior express consent (as consent has been revoked). Thus, Plaintiff's claims are typical to those class members "who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and ***such person had not previously consented to receiving such calls***…" (FAC,¶17, emphasis added). Defendant is seeking to aggrandize it's claims, when in fact, Plaintiff's class allegations are typical to the facts as alleged in her Complaint. However, to the extent this Court agrees with Defendant's arguments, Plaintiff seeks leave to amend to clarify her class allegations. To be sure, to the extent that this is an issue, it is not fatal to the class allegations and could be amended by a simple clarification of the language stated therein. As such, Plaintiff has stated a plausible TCPA claim and Defendant's Motion to Dismiss should be denied.

### b. The Proper Course Of Action, Should The Court Grant Defendant's 12(b)(6) Claim, Is A Grant Of Leave To Amend.

Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires."  The Supreme Court has stated that "this mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  Review of denial of leave to amend is strictly reviewed in light of the strong policy permitting amendment. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991).  As such, even if the Court should grant Defendant's Motion, in part, it should grant Plaintiff leave to amend.  As Plaintiff

**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

has asserted throughout this Memorandum, Plaintiff has plead sufficient facts to overcome a 12(b)(6) Motion to Dismiss, but should the Court rule that it has not, Plaintiff seeks leave to amend freely with additional facts to meet that low burden. Plaintiff's amendments would not be "futile" as she could add additional facts and documents to support her claims at the pleading stage, if the Court rules it to be required.

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's motion in its entirety.  Should the Court grant Defendant's Motion, in whole or in part, Plaintiff respectfully requests leave to amend the complaint.

Dated:  March 24, 2016                    Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By:_____/s Todd M. Friedman_____
        TODD M. FRIEDMAN, ESQ.
        Attorney for Plaintiff

Filed electronically on this 24th day of March, 2016, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable George H. Wu
United States District Court
Central District of California

**_And all attorneys of record for Defendant._**


This 24th day of March, 2016

s/Todd M. Friedman, Esq.
Todd M. Friedman

**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**