SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
FRED R. PUGLISI, Cal. Bar No. 121822
VALERIE E. ALTER, Cal. Bar No. 239905
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701
fpuglisi@sheppardmullin.com
valter@sheppardmullin.com
jramsey@sheppardmullin.com

Attorneys for Defendant
SOUTHERN CALIFORNIA
HEALTHCARE SYSTEM, INC., dba
SOUTHERN CALIFORNIA HOSPITAL
AT CULVER CITY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA RATLIFF, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PROSPECT MEDICAL HOLDINGS, INC. dba SOUTHERN CALIFORNIA HOSPITAL AT CULVER CITY,<br><br>    Defendant. | Case No. 2:16-cv-00253-GW-JEM<br><br>*Honorable George H. Wu*<br><br>**CLASS ACTION**<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE THE CLASS ALLEGATIONS**<br><br>Fed. R. Civ. P. 12(b)(6), 12(f), and 23(d)(1)(D)<br><br>Date:    Thursday, April 14, 2016<br>Time:    8:30 a.m.<br>Ctrm:    10 (Spring Street)<br><br>FAC Filed:    Feb. 17, 2016 |

## I. INTRODUCTION

This Court is likely no stranger to cases brought under the Telephone Consumer Protection Act ("**TCPA**").  Some of these cases address legitimate wrongs, but many are overreaches perpetrated by plaintiffs and their counsel.  This case is the latter.  Plaintiff Donna Ratliff ("**Plaintiff**") did not pay her hospital bill, and has now filed suit under the TCPA because Defendant Southern California Healthcare System, Inc. dba Southern California Hospital at Culver City (erroneously sued as Prospect Medical Holdings, Inc.) ("**SoCal Hospital**") called her about the debt.  The core problem with Plaintiff's complaint is that she gave consent for SoCal Hospital to place the calls alleged in the First Amended Complaint ("**FAC**").  She did so in at least two ways:  (1) Plaintiff provided her phone number to SoCal Hospital, which is sufficient consent under the law to call about a debt; and (2) Plaintiff executed an agreement that included a provision conferring consent, and even initialed that provision.  Nevertheless, Plaintiff is bringing suit on behalf of herself and a class.  SoCal Hospital respectfully requests that the Court not allow it.

## II. THE FAC SHOULD BE DISMISSED

### A. Plaintiff Consented To The Calls

There can be no reasonable dispute that Plaintiff consented to the debt collection calls alleged in the complaint, as least in the first instance.  As set forth in SoCal Hospital's Motion, the mere provision of a cell phone number is consent to be called about a debt.  *See In the Matter of Rules & Regs. Implementing the Tel. Cons. Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 564 (2008) ("**2008 Ruling**") at ¶ 10.[1]  Here, Plaintiff not only provided SoCal Hospital her phone number, but also executed an

---

[1] *See also Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1121 (11th Cir. 2014); *Baird v. Sabre Inc.*, 995 F. Supp. 2d 1100, 1106-07 (C.D. Cal. 2014); *Hudson v. Sharp Healthcare*, No. 13-CV-1807-MMA NLS, 2014 WL 2892290, at *4 (S.D. Cal. June 25, 2014).

-1-

agreement that included an express consent provision – *and she even separately initialed the consent provision*.

In her Opposition, Plaintiff does not dispute that her providing her cell phone number was sufficient consent. At the very least, then, the Court should find that Plaintiff has conceded that argument and further hold that she consented to the calls.

Instead, Plaintiff attacks the written consent form, arguing that the Court cannot review it on a motion to dismiss, and suggesting that the consent form is not authentic. Plaintiff's arguments are meritless. First, Plaintiff's position is contrary to the law. Caselaw repeatedly confirms that matters either referenced in the complaint or integral to the claims asserted can be reviewed on a motion to dismiss. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *Martinez v. Welk Group, Inc.*, No. 09 CV. 2883, 2011 WL 90313, at *1, *3 (S.D. Cal. Jan. 11, 2011). Indeed, it would be odd in the least for a Plaintiff to allege that she received a debt collection call, and then the Court not be able to review the agreement underlying the debt. A Plaintiff is not permitted to so deliberately hide the ball in order to state a claim. Second, Plaintiff's argument that the consent form may not be authentic ignores SoCal Hospital's statement that it can provide a complete copy of the agreement to the Court and Plaintiff, but that doing so may violate HIPAA. Plaintiff should already have a copy of the agreement (she signed it), and likely does because Plaintiff has not asked SoCal Hospital for a copy. In any event, SoCal Hospital will make a copy available for review if it is needed. Notably, Plaintiff nowhere denies that she signed or initialed the form; nor does she deny giving consent, at least in the first instance.

In light of the foregoing, the Court should hold that Plaintiff provided her consent to be called. Whether she validly states a claim thus depends on whether she adequately alleges that she revoked her consent. SoCal Hospital addresses that argument next.

### B. Plaintiff's Allegations That She Revoked Consent Are Insufficient

Plaintiff provides adequate details about two calls – calls on August 26 and 31, 2015. She generally alleges that she was called multiple other times, but does not indicate when, if those calls were with an auto-dialer, or even if those calls came before or after the two calls in August 2015. Separately, she alleges that "multiple times [she] would answer Defendant's calls and tell Defendant to stop contacting [her]." She does not, however, allege when she supposedly revoked her consent – that is, whether it was before or after the two alleged calls in August. Nor does she allege what she said to effect the revocation of her consent, or to whom, or what the representative said in response, if anything. Plaintiff's allegations are so vague that Defendant does not even have sufficient information to either admit or deny the allegation.

Plaintiff's allegation that she "instructed her attorney" to revoke consent on her behalf are equally insufficient. Instructing an attorney to do something is different than him actually doing it. In addition, even assuming it actually happened (which it didn't), there are no allegations about when it happened, what was said, to whom it was said, or whether anything was said in response.

Based on the foregoing, SoCal Hospital respectfully requests that the Court dismiss the FAC.

### III. IN THE ALTERNATIVE, PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE DISMISSED

Plaintiff consented to being called. Her theory of recovery is thus necessarily tied to her vague allegation that she revoked her consent. But Plaintiff is attempting to represent a putative class of individuals that allegedly ***never consented*** in the first instance. Whether those individuals provided their cell phone numbers to SoCal Hospital or executed the written consent forms are issues entirely distinct from whether Plaintiff or others thereafter revoked their consent. Plaintiff cannot mix apples and oranges in this way.

-3-

If Plaintiff truly revoked her consent, and SoCal Hospital truly violated the TCPA thereafter, then Plaintiff should be limited to alleging a similarly situated class – *i.e.*, those who also revoked consent. Plaintiff's counsel knows, however, that no such class can be certified so they persist with trying to represent a class that Plaintiff is not a member of. Because her class allegations are necessarily broader than the claims she is asserting, her class allegations must be dismissed.

A simple example illustrates Plaintiff's problem – assume the jury after hearing the evidence determined that Plaintiff voluntarily provided her cell phone number and executed an agreement allowing for automated calls to her cell phone. How could she possibly be deemed an adequate class representative for those who never consented to be called. The issues involved would be completely different and a determination of Plaintiff's claim would not be representative of the class she seeks to represent. Her class allegations must be dismissed.

Dated: March 31, 2016     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By     */s/ Fred R. Puglisi*
FRED R. PUGLISI
VALERIE E. ALTER
JAY T. RAMSEY

Attorneys for Defendant
SOUTHERN CALIFORNIA HEALTHCARE SYSTEM, INC., dba SOUTHERN CALIFORNIA HOSPITAL AT CULVER CITY