UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-253-GW(JEMx) | Date | April 14, 2016 |
|---|---|---|---|
| Title | *Donna Ratliff v. Southern California Healthcare System, Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Todd M. Friedman | Fred R. Puglisi |

**PROCEEDINGS:**   **DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE THE CLASS ALLEGATIONS [13]**

Court hears brief argument.  The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling.  The motion by defendant is GRANTED WITH LEAVE TO AMEND.  Plaintiff will have two weeks from the date of this order to file a Second Amended Complaint.

|  | : | 03 |
|---|---|---|
| | Initials of Preparer | JG |

***Ratliff v. Prospect Med. Holdings, Inc.***, Case No. 2:16-cv-00253-GW-JEM
Tentative Ruling on Motion to Dismiss the First Amended Complaint or, in the
Alternative, to Strike the Class Allegations

 

Southern California Healthcare System, Inc., dba Southern California Hospital at Culver City ("Defendant") moves to dismiss the First Amended Complaint ("FAC") in this case or, in the alternative, to strike the class allegations residing therein.  This is a Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., case, with plaintiff Donna Ratliff ("Plaintiff") alleging that, in violation of that statute, Defendant contacted her – by calling her cellular telephone – in an attempt to collect an alleged outstanding debt stemming from medical services rendered, and that Defendant continued to call her after she told Defendant to stop calling her.  *See* FAC ¶¶ 6-8, 12, 15.  Plaintiff seeks to represent a class defined as follows:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

*Id.* ¶ 17.  She alleges that she "is asserting claims that are typical" of this class "[a]s a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without [her] prior express consent."  *Id.* ¶ 23.

Both of Defendant's aims here – dismissal of the FAC or striking of the class allegations – are founded upon the assertion that, contrary to Plaintiff's allegations, she actually *did* provide prior express consent in her contract with Defendant covering the medical services (and in providing Defendant with her phone number).  In brief, the Court does not believe it is appropriate to consider the contract in connection with the Rule 12(b)(6) challenge, but will give Plaintiff leave to amend her class definition if she chooses.

Under Rule 12(b)(6), a court must (1) construe a claim in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them.  *See Sprewell v. Golden State Warriors*,

266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).  However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases").  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

    In its consideration of the motion, the court is limited to the allegations on the face of the FAC, matters which are properly judicially noticeable and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  In addition, in *Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006), the Ninth Circuit permitted consideration of a release where it was "central to [the plaintiff's] claim and all parties agree that it is appropriate for consideration." *Id.* at 448; *see also id.* ("A court may consider evidence on which the complaint 'necessarily relies' if:  (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

Here, the contract is not attached to the FAC, it is not mentioned or referenced in the FAC, it is not "central to" Plaintiff's claims,[1] and Plaintiff has not even had an opportunity to assess the authenticity of it because Defendant – asserting HIPAA-based concerns – has not attached the document to its motion.  For all of these reasons, the Court does not believe that the contract can be considered under either *Branch* or *Marder* on this motion.[2]  As such, Defendant's Rule 12(b)(6) motion fails.

Even if the Court were able to consider the contract, Defendant also acknowledges that Plaintiff has alleged that she asked Defendant, when Defendant called, to stop calling her.  Defendant appears to acknowledge that such revoked consent would allow her to state a TCPA claim.  *See* Docket No. 13, at 2:10-23, 5:20-21; Docket No. 15, at 3:22-23; *see also Reardon v. Uber Techs., Inc.*, 115 F.Supp.3d 1090, 1102 (N.D. Cal. 2015).  Though Defendant argues that Plaintiff's allegations in this respect are too vague, the Court disagrees, concluding that they are sufficient under *Twombly* and *Iqbal*.  The detail Defendant appears to expect is more in line with Federal Rule of Civil Procedure 9(b), inapplicable here.

As to Defendant's alternative request to strike Plaintiff's class allegations, because the Court cannot examine the contract on this motion, it cannot rule in favor of Defendant with respect to this relief either.  However, if Defendant is correct in its assertion, the Court believes that Plaintiff would be well-advised to alter her class definition because, at present, it only includes people who "had not previously consented

---

[1] This Court questions how even a release is ever central to a plaintiff's claims – as opposed to central to a defendant's affirmative defense(s) – but recognizes that the Ninth Circuit has apparently resolved this issue with respect to releases.  The contract here (or at least the provision in question) is not a release, so the Court does not believe that *Marder* is necessarily controlling on this point in this case.  *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998), upon which Defendant relies, is no different, because in that case the plaintiff was attempting to survive a Rule 12(b)(6) motion by "deliberately omitting references to [a] document[] upon which [his] claims [were] based," which were referenced in the operative complaint, and as to which there were no authenticity concerns.  *Id.* at 706; *see also Martinez v. Welk Grp., Inc.*, No. 09 CV 2883, 2011 WL 90313, \*3 (S.D. Cal. Jan. 11, 2011) ("Plaintiff makes numerous references to the Purchase and Sales Agreement documents in his TAC.").  That is not the situation we have here.  While the Court agrees with Defendant that "it would be odd in the least for a Plaintiff to allege that she received a debt collection call, and then the Court not be able to review the agreement underlying the debt," Docket No. 15, at 2:13-15, that "oddity" would take place at the summary judgment stage, not the motion to dismiss stage under the FAC's present allegations.

[2] Defendant also has not directed the Court to anywhere in the FAC where Plaintiff states that she provided Defendant with her phone number, so the existence of consent under those circumstances is also something that cannot be resolved by way of a Rule 12(b)(6) motion.

to receiving such calls," and Plaintiff asserts that her claims are typical of the class because, among other things, she was called "without [her] prior express consent." FAC ¶¶ 17, 23. To that end, therefore, the Court will give Plaintiff leave to amend her class definition (and other allegations) as she sees fit. If not, Plaintiff will have to take the risk of the Court addressing the impact from this on at least the "typicality" element of Rule 23(b)(3) at the class certification stage, if there is any in this case.