SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
FRED R. PUGLISI, Cal. Bar No. 121822
VALERIE E. ALTER, Cal. Bar No. 239905
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6055
Telephone:  310.228.3700
Facsimile:  310.228.3701
fpuglisi@sheppardmullin.com
valter@sheppardmullin.com
jramsey@sheppardmullin.com

Attorneys for Defendant
SOUTHERN CALIFORNIA
HEALTHCARE SYSTEM, INC., dba
SOUTHERN CALIFORNIA HOSPITAL
AT CULVER CITY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA RATLIFF, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROSPECT MEDICAL HOLDINGS, INC. dba SOUTHERN CALIFORNIA HOSPITAL AT CULVER CITY,<br><br>　　　　Defendant. | Case No. 2:16-cv-00253-GW-JEM<br><br>*Honorable George H. Wu*<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S ANSWER TO THE SECOND AMENDED COMPLAINT OF PLAINTIFF DONNA RATLIFF** |

SMRH:476912764.2                                                                                           ANSWER TO SAC

Defendant Southern California Healthcare System, Inc. dba Southern California Hospital at Culver City (erroneously sued as Prospect Medical Holdings, Inc.) ("**SoCal Hospital**") hereby answers the Second Amended Complaint ("**SAC**") filed by Plaintiff Donna Ratliff ("**Plaintiff**") as follows:

## NATURE OF THE CASE

1. SoCal Hospital denies that it violated the Telephone Consumer Protection Act ("**TCPA**") or any other law, and further denies that either Plaintiff or the putative class is entitled to any relief whatsoever. The remainder of this Paragraph either summarizes the relief that Plaintiff is seeking in this action or sets forth legal conclusions, to which no response is required. To the extent a response is required, SoCal Hospital denies the same.

## JURISDICTION & VENUE

2. This Court has federal question jurisdiction over this action as a result of Plaintiff's alleged violations of the TCPA, a federal statute. SoCal Hospital nonetheless denies that this Court has subject matter jurisdiction over the action because Plaintiff has not suffered a cognizable harm sufficient to confer Article III standing. SoCal Hospital further denies that either Plaintiff or the putative class are entitled to any relief whatsoever, let alone in excess of $5 million. The remainder of this Paragraph either summarizes the relief that Plaintiff is seeking in this action or sets forth legal conclusions, to which no response is required. To the extent a response is required, SoCal Hospital denies the same.

3. SoCal Hospital admits that venue is proper in this Court.

## PARTIES

4. SoCal Hospital lacks sufficient information to admit or deny the allegations in this Paragraph and on that basis denies the same.

5. SoCal Hospital admits that it is a hospital located in Southern California. The remainder of the allegations in this Paragraph set forth legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

6. SoCal Hospital admits the allegations in this Paragraph.

7. SoCal Hospital lacks sufficient information at this time to admit or deny the allegations in this Paragraph and on that basis denies the same.

8. SoCal Hospital lacks sufficient information at this time to admit or deny the allegations in this Paragraph and on that basis denies the same.

9. [Omitted in SAC]

10. SoCal Hospital denies the allegations in this Paragraph.

11. SoCal Hospital denies the allegations in this Paragraph.

12. SoCal Hospital lacks sufficient information at this time to admit or deny the allegations in this Paragraph and on that basis denies the same.

13. SoCal Hospital admits the allegations in this Paragraph.

14. SoCal Hospital lacks sufficient information to admit or deny the allegations in this Paragraph and on that basis denies the same.

15. SoCal Hospital denies the allegations in this Paragraph.

16. SoCal Hospital denies the allegations in this Paragraph.

## CLASS ALLEGATIONS

17. The allegations in this Paragraph summarize the relief Plaintiff seeks in this action, to which no response is required. To the extent that a response is required, SoCal Hospital denies the same.

18. SoCal Hospital denies the allegations in this Paragraph.

19. The allegations in this Paragraph summarize the relief Plaintiff seeks in this action, to which no response is required. To the extent that a response is required, SoCal Hospital denies the same.

20. SoCal Hospital denies the allegations in this Paragraph.

21. SoCal Hospital denies the allegations in this Paragraph.

22. SoCal Hospital denies the allegations in this Paragraph.

23. SoCal Hospital denies the allegations in this Paragraph.

-2-

| | | |
|---|---|---|
| 1 | 24. | SoCal Hospital denies the allegations in this Paragraph. |
| 2 | 25. | SoCal Hospital denies the allegations in this Paragraph. |
| 3 | 26. | SoCal Hospital denies the allegations in this Paragraph. |
| 4 | 27. | SoCal Hospital denies the allegations in this Paragraph. |

**FIRST CAUSE OF ACTION**

**Negligent Violations of the TCPA**

28. SoCal Hospital incorporates its responses to Paragraphs 1 through 27 herein.

29. SoCal Hospital denies the allegations in this Paragraph.

30. SoCal Hospital denies the allegations in this Paragraph.

31. SoCal Hospital denies the allegations in this Paragraph.

**SECOND CAUSE OF ACTION**

**Intentional Violations of the TCPA**

32. SoCal Hospital incorporates its responses to Paragraphs 1 through 31 herein.

33. SoCal Hospital denies the allegations in this Paragraph.

34. SoCal Hospital denies the allegations in this Paragraph.

35. SoCal Hospital denies the allegations in this Paragraph.

**PRAYER FOR RELIEF**

SoCal Hospital denies that Plaintiff or the putative class is entitled to any relief whatsoever in this action.

36. SoCal Hospital denies that Plaintiff or the putative class are entitled to the relief sought in this Paragraph.

37. SoCal Hospital denies that Plaintiff or the putative class are entitled to the relief sought in this Paragraph.

38. SoCal Hospital denies that Plaintiff or the putative class are entitled to the relief sought in this Paragraph.

39. SoCal Hospital denies that Plaintiff or the putative class are entitled to the relief sought in this Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The SAC fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to 28 U.S.C. § 1658.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff gave prior express consent to receiving any phone calls.

### FOURTH AFFIRMATIVE DEFENSE

4. No calls were made using an "Automatic Telephone Dialing System" within the meaning of the Telephone Consumer Protection Act.

### FIFTH AFFIRMATIVE DEFENSE

5. SoCal Hospital did not act willfully or knowingly with respect to any violation. Instead, SoCal Hospital acted in good faith and without intent to harm Plaintiff or to engage in any known wrongful act or violation of law. Any violation occurred notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

### SIXTH AFFIRMATIVE DEFENSE

6. The Federal Communications Commission ("FCC") has primary jurisdiction regarding some or all of the issues in dispute in this matter.

### SEVENTH AFFIRMATIVE DEFENSE

7. The statutory damages provision of the TCPA, which provides for statutory damages of $500 for each negligent violation of the TCPA and for $1,500 for each intentional violation regardless of whether Plaintiff suffered any actual injury, violates the Due Process Clause under the Fifth and the Fourteenth Amendments to the United States Constitution, which prohibit the imposition of

grossly excessive or arbitrary punishment on a defendant, and if a class were to be certified and liability were found, the statutory damages award would be grossly disproportionate to any "harm" suffered by the class members.

### EIGHTH AFFIRMATIVE DEFENSE

8. As applied in the lawsuit, the TCPA violates the First Amendment of the United States Constitution because it places unconstitutional restrictions on SoCal Hospital's Constitutional rights under the Free Speech Clause.

### NINTH AFFIRMATIVE DEFENSE

9. The Plaintiff's alleged harm, if any, was *de minimis*.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff, by her own conduct, caused or contributed to her damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. This Court lacks subject matter jurisdiction because Plaintiff has not suffered any injury or harm cognizable under Article III of the United States Constitution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. SoCal Hospital is entitled to a set-off in the amount that Plaintiff owes SoCal Hospital.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff's claims are preempted, in whole or in part, by The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), which expressly allows for the complained of communications without the patient/member's authorization.  *See* 45 C.F.R. § 164.506.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. SoCal Hospital's complained of conduct is in accord with controlling HIPAA privacy rules, and as such exempt from coverage under the TCPA.

**WHEREFORE**, SoCal Hospital seeks judgment against Plaintiff:

(a) Denying all relief sought by Plaintiff and the putative class and dismissing the SAC in its entirety, with prejudice;

(b) Awarding SoCal Hospital its costs incurred herein to the maximum extent allowed by law; and

(c) Granting SoCal Hospital such other and further relief as this Court deems just and proper.

Dated:  May 12, 2016       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Fred R. Puglisi*
FRED R. PUGLISI
VALERIE E. ALTER
JAY T. RAMSEY

Attorneys for Defendant
SOUTHERN CALIFORNIA HEALTHCARE SYSTEM, INC., dba SOUTHERN CALIFORNIA HOSPITAL AT CULVER CITY